

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2004

# USA v. Billy

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2249

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Billy" (2004). *2004 Decisions.* Paper 851.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/851

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2249
_____

UNITED STATES OF AMERICA,

Appellee

v.

WANGUE BILLY, a/k/a Billy Wangue

Appellant

_____

On Appeal from the United States District Court
of the Virgin Islands

District Court Judge: The Honorable Thomas K. Moore
(No. 02-cr-00126-01)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 26, 2004

Before: FUENTES, SMITH & GIBSON, <u>Circuit Judges</u>.[*]

(Opinion Filed: April 8, 2004 )

_____

---

[*] The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

OPINION OF THE COURT

FUENTES, Circuit Judge:

Appellant Wangue Billy ("Billy") was convicted in Florida state court in 1999 of performing lewd and lascivious acts in the presence of a minor after pleading *nolo contendere* to the charges. The state of Florida charged that Billy, then 27, took a 14-year old girl to two motels between April and May 1999 and on both occasions had consensual sexual intercourse with her. Billy was deported to his native Haiti following this conviction, but was arrested in St. Thomas, U.S. Virgin Islands in 2002 while trying to reenter the continental United States. Billy did not contest the fact that he did not have permission from the Attorney General to reenter the country. In sentencing Billy for illegal reentry, the District Court applied an eight level increase set forth in U.S.S.G. § 2L1.2(b)(1)(C), which allows for such an increase when a defendant has been "previously deported, or unlawfully remained in the United States, after a conviction for an aggravated felony."

Billy appeals from this eight level increase because, he argues, the underlying Florida conviction was not an "aggravated felony" under the United States Sentencing Guidelines or 8 U.S.C. § 1101, a statute classifying certain crimes as aggravated felonies for the purposes of immigration and deportation (and which defines an aggravated felony

as, among other things, sexual abuse of a minor). Because we disagree with Billy's arguments, we will affirm the sentence imposed by the District Court.

In 1999, when Billy was convicted in Florida, the relevant statute stated:

A person who:

. . .

(4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years; without committing the crime of sexual battery, commits a felony.

Fla. Stat. ch. 800.04(4)(1998). In support of his argument that conviction under this statute does not constitute an aggravated felony, Billy notes that the Sentencing Guideline applied by the District Court incorporates the definition of "aggravated felony" from 8 U.S.C. § 1101(a)(43)(A), which includes in its definition "murder, rape, or sexual abuse of a minor." Billy points out that although Congress did not define sexual abuse in this provision, it did define the term in 1986 when it created the offense "sexual abuse of a minor or ward" in 18 U.S.C. § 2243. Billy argues that because the definition of sexual abuse in § 2243 contains a requirement that there be physical sexual contact with a minor, and because the Florida provision under which he was convicted did not require such proof, his conviction does not fall within the definition of sexual abuse set forth by Congress.

Although this is a clever argument, we find it unconvincing, and instead are

3

persuaded by the reasoning of the Court of Appeals for the Eleventh Circuit in United States v. Padilla-Reyes, 247 F.3d 1158 (11th Cir. 2001). Padilla, a native and citizen of Honduras who had previously been deported and illegally returned to the United States, pleaded guilty to illegal reentry. Prior to his deportation, Padilla was charged with violation of Florida Statute § 800.04, "Lewd, lascivious, or indecent assault or act upon or in presence of child; sexual battery," the same statute at issue here. Like Billy, Padilla pleaded *nolo contendere* to the charge. The district court concluded that the conviction for lewd assault constituted an aggravated felony and therefore applied an enhancement to Padilla's base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A) (the court was applying an older version of the Guidelines). 247 F.3d at 1159. The Eleventh Circuit held that the definition of "sexual abuse of a minor" in 8 U.S.C. § 1101(a)(43) includes a violation of Florida Statute § 800.04, regardless of whether there is evidence in the record that the defendant actually physically touched the victim. Id. at 1164. Padilla had made the same argument that Billy raises here, that the courts should look to Congress's definition of sexual abuse in 18 U.S.C. § 2241 *et seq.,* but the Eleventh Circuit rejected that argument, noting that in 8 U.S.C. § 1101(a)(43), where Congress intended an aggravated felony to depend on federal statutory law, it explicitly included the statutory cross-reference in the subsection. It did not make any reference to 18 U.S.C. § 2241, and therefore the Eleventh Circuit concluded that Congress did not intend such a cross-reference. We find this approach persuasive, and also note that Congress was probably

aware that many of the underlying deportable convictions for sexual abuse would be state convictions, and perhaps for that reason purposefully omitted a reference to federal substantive law.

We also agree with the Eleventh Circuit that the language in § 1101(a)(43) is "fairly self-evident," thereby obviating the need to resort to other statutory language. Padilla-Reyes, 247 F.3d at 1163. While we agree with Billy that the Florida statute encompasses acts involving physical contact as well as acts that do not, we disagree that a conviction under the statute does not therefore constitute sexual abuse of a minor. Rather, the words "sexual abuse" convey that the perpetrator's intent in committing the offense is to achieve "libidinal gratification," which does not necessarily require physical contact. Id. For these reasons, we are not persuaded that we must look outside the language of § 1101(a)(43) in this case, and we conclude that Florida's lewd and lascivious conduct statute does encompass sexual abuse.

Because a violation of Florida Statute § 800.04 qualifies as "sexual abuse of a minor" under 8 U.S.C. § 1101(a)(43)(A), the District Court did not err in applying an eight-level enhancement for a prior aggravated felony conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(C). The judgment of the District Court is therefore affirmed.